IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:04CR10028 |
| v. | OPINION |
| KENNETH WAYNE FANNON, | By: James P. Jones |
| Defendant. | United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for defendant.*

On October 6, 2004, I sentenced defendant Kenneth Wayne Fannon to fifteen years' incarceration and five years' supervised release. (Judgment, ECF No. 35.) I imposed that sentence because Fannon was convicted of being a felon and unlawful user of drugs in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA") due to three prior convictions of qualifying crimes under the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B).

On June 26, 2015, the Supreme Court determined that the ACCA's residual clause was unconstitutionally vague and invalid under the Due Process Clause. *Johnson v. United States*, 135 S. Ct. 2551 (2015); *see Welch v. United States*, 136 S. Ct. 1257 (2016) (holding *Johnson* applies retroactively to cases on collateral review). In accordance with *Johnson*, Fannon filed a successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and supplement,

arguing that one of the three crimes used to enhance his sentence under the ACCA must be disregarded.[1] The United States does not oppose Fannon's request to vacate the current sentence and impose an amended sentence without the ACCA enhancement.

Pursuant to *Johnson*, Fannon's Motion to Vacate is granted. The appropriate sentence would be ten years' incarceration and three years' supervised release. Because Fannon has already served ten years and has been released from incarceration, his sentence will be reduced to time served followed by three years' supervised release. Accordingly, the Clerk will prepare an amended judgment to correct Fannon's sentence. *See United States v. Hadden*, 475 F.3d 652, 667-70 (4th Cir. 2007) (recognizing a district court may correct a sentence without conducting a sentencing hearing).

DATED: May 4, 2016

/s/ James P. Jones
United States District Judge

---

[1] The Court of Appeals for the Fourth Circuit had granted Fannon leave to file the successive motion in accordance with 28 U.S.C. § 2255(h). *In re: Kenneth Edward Fannon*, No. 15-321, slip op. at 2 (4th Cir. Apr. 27, 2016). Notably, the court of appeals also had granted Fannon's emergency motion for release from incarceration pursuant to Federal Rule of Appellate Procedure 23(b)(3), and the Bureau of Prisons' online inmate record shows he was released from prison on December 17, 2015. *In re: Kenneth Edward Fannon*, No. 15-321 (4th Cir. Dec. 16, 2015) (order granting release).

-2-